UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20-cv-01477

UNITED STATES SURETY COMPANY,

      Plaintiff,

v.

SUFFOLK CONSTRUCTION COMPANY,
INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, UNITED STATES SURETY COMPANY ("USSC") files this complaint against Defendant, SUFFOLK CONSTRUCTION COMPANY, INC. ("Suffolk") and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332(a) because USSC and Suffolk are citizens of diverse states.

2.    USSC is a corporation incorporated in the State of Maryland with its principal place of business in Timonium, Maryland, making it a citizen of Maryland in accordance with 28 U.S.C. § 1332(c)(1).  USSC is licensed to conduct business in Florida.

3.    Suffolk is a corporation incorporated in the State of Massachusetts with its principal place of business in Boston, Massachusetts, making it a citizen of Massachusetts in accordance with 28 U.S.C. § 1332(c)(1).  Suffolk is licensed to conduct business in Florida.

4.     The cause of action alleged herein falls within the jurisdictional limits of the Court because the amount in controversy, which Suffolk seeks to recover from USSC, exceeds $75,000.00, exclusive of interest, attorneys' fees and costs.

5.     The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  An actual and substantial controversy exists between the parties.  USSC seeks a declaration that no bond coverage exists for Suffolk's alleged losses claimed against USSC.

6.     Venue is appropriate in this Court because the project at issue is located within the Middle District of Florida and in one of the counties within the Tampa Division of this Court. Venue is also proper in the Tampa Division of this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in Sarasota County, which is within this district.

### FACTUAL BACKGROUND

7.     Suffolk is a general contractor that provides various construction management services in the State of Florida.

8.     Suffolk entered into a contract with Main Street Development Company for the construction of The Jewel, an 18 story, mixed use high-rise condominium tower in Sarasota, Florida (the "Project").

9.     On April 29, 2015, Suffolk and Craig Tile and Flooring, LLC ("Craig Tile") entered into a Subcontract Agreement whereby Craig Tile was to perform certain tiling work at the Project (the "Subcontract").  A true and correct copy of the Subcontract is attached hereto as **Exhibit "A."**

10.     On June 26, 2015, USSC issued, among other things, a Subcontract Performance Bond, Bond No. 1001039397, naming Craig Tile as the Principal and Suffolk as the Obligee

related to the Subcontract on the Project (the "Bond"). A true and correct copy of the Bond is attached hereto as **Exhibit "B."**

11.     Suffolk sent correspondence to Craig Tile and USSC asserting that Craig Tile failed to perform under its Subcontract.

12.     In response, Craig Tile sent correspondence to Suffolk and USSC asserting a prior material breach of the Subcontract by Suffolk.

**COUNT I: DECLARATORY JUDGMENT**

13.     USSC incorporates and realleges the allegations contained in Paragraphs 1 through 12 as if fully set forth herein.

14.     The Bond is subject to certain conditions and limitations.

15.     Among other things, the Bond states that "If the Principal performs the Subcontract, then this bond shall be null and void; otherwise it shall remain in full force and effect" [Exhibit A, Bond, p. 2, ¶ 2].

16.     The Bond also states that, "Whenever the Principal shall be, and is declared by the Obligee to be in default under the Subcontract, *with the Obligee having performed its obligation in the Subcontract*, the Surety may promptly remedy the default, or shall promptly…" [Exhibit A, Bond, p. 2, ¶ 4].

17.     USSC asserts that Suffolk is not entitled to recover under the Bond unless it can prove: (1) Craig Tile did not perform under the Subcontract; (2) Craig Tile is in default under the Subcontract; (3) Suffolk declared Craig Tile to be in default under the Subcontract; and (4) Suffolk performed all of its obligations under the Subcontract.

18.     It is USSC's position that Craig Tile completed its scope of work under the Subcontract and is not otherwise in default. Suffolk disagrees with this position.

19.     Moreover, it is USSC's position that Suffolk has not performed all of its obligations under the Subcontract because it failed to pay Craig Tile the principal balance of $490,729.08, which has been outstanding since April 2016, and breached its obligations under the Subcontract. Suffolk disagrees with this position.

20.     Finally, it is USSC's position that its duties under the Bond are excused due to Suffolk's failure to perform its obligations under the Subcontract.  Suffolk disagrees with this position.

21.     This is a claim for a declaratory judgment brought pursuant to § 86.011, Fla. Stat. USSC has a dispute with Suffolk and, accordingly is in doubt as to its rights, privileges and responsibilities under the Bond and requests this Court to declare that it has no liability and, if otherwise, the liability is reduced by the outstanding unpaid balance of the Subcontract.

22.     There is a *bona fide*, actual, present practical need for a declaration on, at least, the three disagreements between USSC and Suffolk.

23.     USSC's rights under the Bond are dependent upon the facts or the law applicable to the facts.

24.     Suffolk has, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter of the litigation.

25.     The antagonistic and adverse interests are all before the Court.

26.     The relief USSC seeks is not merely giving of legal advice or the answer to questions propounded for curiosity.

27.     USSC has performed, or Suffolk has waived, all conditions precedent to the bringing of this action.

5

WHEREFORE, USSC respectfully requests that the Court grant declaratory judgment in its favor, declare that USSC has no liability to Suffolk under the Bond, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted this <u>29th</u> day of June, 2020.

<u>      */s/ Ryan J. Weeks*      </u>
E.A. "Seth" Mills, Jr., Esq.
Florida Bar No. 339652
smills@mpdlegal.com
Ryan J. Weeks, Esq.
Florida Bar No. 57897
rweeks@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 3700
Tampa, FL 33602
Secondary: csoltis@mpdlegal.com
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Attorneys for Plaintiff, United States Surety Company*
